David MERRICK, and Davida Margaretha Merrick, by her father David Merrick, Plaintiffs,

v.

Etan MERRICK, Louis J. Lefkowitz, as Attorney General of the State of New York and Hugh L. Carey, as Governor of the State of New York, Defendants.

No. 77 Civ. 2547.

United States District Court, S. D. New York.

Nov. 16, 1977.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiffs; Louis Nizer, Angelo T. Cometa, Jonathon D. Warner, New York City, of counsel.

Raoul Lionel Felder, Myrna Felder, New York City, for Mrs. Merrick (Etan).

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, pro se and for Gov. Carey; Margery Evans Reifler, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendants have moved, pursuant to Rules 12(b)(1) and 12(b)(6), F.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Court concludes that the complaint must be, and it is, dismissed as to all defendants.

Plaintiff is the well-known theatrical and movie producer, David Merrick,[1] who sues under 42 U.S.C. § 1983 on his own behalf and that of his minor daughter, Davida Margaretha Merrick (referred to by her parents, and hereinafter, as "Rosebud"). Defendants are Etan Merrick, the former wife of Mr. Merrick and petitioner in a pending New York State Family Court proceeding against Mr. Merrick for support,

---

1. Mr. Merrick, who also holds a law degree, is credited in Marquis' *Who's Who in America* 1976–77 ed., vol. 2, with the Broadway productions of, among others, *The Matchmaker*, 1955; *Look Back in Anger*, 1957; *Romanoff and Juliet*, 1957; *Hello Dolly*, 1964; *Inadmissible Evidence*, 1965; *I Do, I Do*, 1966; *Promises, Promises*, 1969 and 1971; and *Child's Play*, 1970.

child custody and declaration of paternity;[2] Hon. Louis J. Lefkowitz, Attorney General of the State of New York (hereinafter referred to as the "Attorney General"); and Hon. Hugh L. Carey, Governor of the State of New York (hereinafter referred to as the "Governor").

The complaint pleads a claim under 42 U.S.C. § 1983, in that defendants are, "under color of State law, statute, custom and usage . . . preventing plaintiffs from obtaining a judicial determination of custody in the New York State courts in accordance with plaintiffs' Constitutional right to due process of law and equal protection of the law." (Complaint, ¶ 30).

Unconstitutional discrimination and denial of due process are claimed to exist as the result of a supposed (rebuttable) presumption enforced by the New York courts by which the mother's right to custody of an illegitimate child is said to be considered superior to that of the father, based not on the child's best interests or the relative fitness of the mother and father (Complaint, ¶ 14), but rather because of improper discrimination by reason of illegitimacy and sex (Complaint, ¶ 17).[3] In addition, Mr.

Merrick claims that, although the New York Family Court Act § 513 provides that each parent of an illegitimate child is liable for the child's support, as the statute is applied, the entire burden of support of an illegitimate child is placed upon the father.

Finally, Mr. Merrick asserts that Mrs. Merrick relies on the claimed discriminatory presumption to extort money from Mr. Merrick for her own support under the pretense of seeking support for Rosebud.

Mr. Merrick also alleges, in some detail in the complaint, that Mrs. Merrick is unfit to have custody of Rosebud.[4]

Plaintiff seeks a declaratory judgment, declaring the aforementioned state presumption as to custody of illegitimate children unconstitutional, and awarding him custody of Rosebud. He also seeks an injunction against defendants "enjoining them against the enforcement by the New York courts" of the custody presumption. (Complaint, at 8).

Jurisdiction is asserted under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.[5]

This Court may adjudicate only pleaded claims which present a "case or

---

**2.** David and Etan Merrick were married for less than one month in 1969. They both appeared and were represented by counsel in a Mexican proceeding in which a "divorce" was granted to Mrs. Merrick. Paraphrasing Oscar Wilde, although the marriage wasn't made in heaven, the divorce apparently was, for, shortly after the divorce the parties resumed living together, and continued to do so until September 1976. Rosebud was born to Mrs. Merrick in 1972. Mrs. Merrick commenced a divorce action in New York County Supreme Court in September 1976, which was dismissed on a finding by that court that the parties were not married because of the Mexican decree of 1969. That dismissal has been affirmed by the Appellate Division, First Department, and leave to appeal to the New York Court of Appeals has been denied by the Appellate Division and Court of Appeals. Mrs. Merrick then commenced petitions for support and declaration of paternity in the Family Court of New York County. A preliminary order was entered in that court on May 31, 1977, awarding temporary support for Rosebud and visitation privileges for Mr. Merrick. Shortly before that order was entered, Mr. Merrick filed the present § 1983 action in this Court.

**3.** By statute in New York, there is no *prima facie* right in either parent to the custody of "any child of a marriage . . . .." New York Domestic Relations Law ("DRL"), § 240. The same rule applies where custody of "a minor child . . . residing within this state" is sought under a writ of habeas corpus. DRL § 70. There appears to be no similar express statutory provision with respect to the custody of illegitimate children, but there is no reason to believe that DRL § 70 would not be applied in a Family Court proceeding where the issue of custody of an illegitimate is before the Court, but not by petition for the Great Writ.

**4.** In support of this claim, plaintiff has submitted copies of "love letters" written by Mrs. Merrick. Perhaps the admonition of Luke McLuke, ["Do right and fear no man; don't write and fear no woman."] although addressed to men, would serve just as well to forewarn women.

**5.** In the complaint's jurisdictional statement, plaintiff also asserts that declaratory relief is sought under 28 U.S.C. §§ 2201, 2202. The Federal Declaratory Judgment Act is not an independent basis of federal jurisdiction.

controversy" within Article III of the Constitution and which fall within a Congressional grant of jurisdiction. Whether the motion is treated as one to dismiss on the ground of lack of subject matter jurisdiction, or for failure to state a claim, the complaint must be read in a light most favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

*Motion by the Attorney General and the Governor*

█ It is indeed the duty of the Attorney General to "prosecute and defend all actions and proceedings in which the state is interested . . . ." [N.Y.Exec. Law § 63(1)]; and it is the duty of the Governor to "take care that the laws are faithfully executed" (N.Y.Const. Art. IV, § 3). The Attorney General has no interest in the outcome of particular contested child custody and support proceedings in the state courts. He does not appear therein, and is not the protagonist of the father or mother. He has no duty to enforce any order made in such an action. The Governor's general constitutional duty to enforce state laws does not make him amenable to suit in this action. *See, Gras v. Stevens*, 415 F.Supp. 1148 (S.D.N.Y.1976) (three-judge court, Friendly, J.).

There is no justiciable controversy between plaintiffs and the Attorney General or the Governor.

*Motion by Mrs. Merrick*

█ In order to state a valid claim under 42 U.S.C. § 1983, defendants must have deprived plaintiff, arguably, of rights guaranteed by the Constitution and laws of the United States under color of state law. Plaintiff alleges that Mrs. Merrick has proceeded to extort money from him "under color and protection of State executive inaction and judicial custom . . . ." (Plaintiff's Memorandum of Law in Opposition to Defendant Etan Merrick's Motion to Dismiss, at 2). There is no authority for the proposition that a person who employs the state's judicial processes, as has Mrs.

Merrick, is thereby clothed with the state's authority. *See, Stevens v. Frick*, 372 F.2d 378 (2d Cir. 1967), *cert. denied* 387 U.S. 920, 87 S.Ct. 2034, 18 L.Ed.2d 973 (1967); *Gras v. Stevens*, 415 F.Supp. 1148, 1152 (S.D.N.Y. 1976) (three-judge court, Friendly, J.).

Thus, Mr. Merrick's complaint fails to state a claim under § 1983 and must be dismissed as to Mrs. Merrick.

█ There are additional, separate reasons which require this complaint to be dismissed. An action for a declaratory judgment may not be invoked to secure "constitutional rulings in advance of necessity." *Poe v. Ullman*, 367 U.S. 497, 506, 81 S.Ct. 1752, 1757, 6 L.Ed.2d 989 (1961). Also, one seeking § 1983 injunctive relief must show that there is no adequate federal or state remedy at law. *Potwora v. Dillon*, 386 F.2d 74, 76–78 (2d Cir. 1967). Plaintiff has an adequate legal remedy. He may go to trial on the merits in the state action and appeal any adverse decisions to the state's two-tier appellate system, following which he may petition the United States Supreme Court for *certiorari* to the New York Court of Appeals. Mr. Merrick will have full opportunity in the Family Court to defend against Mrs. Merrick's petition for child custody, and to present evidence that he is the parent best suited for custody.

The New York courts are bound no less than we to uphold the Constitution of the United States, guided by decisions of the Supreme Court of the United States with respect to discrimination in the treatment of illegitimate children and their parents. *See, Fiallo v. Bell*, 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977); *Jimenez v. Weinberger*, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); and *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

In addition, inasmuch as counsel for Mrs. Merrick has brought to the attention of this Court New York cases in which custody of an illegitimate child was awarded to the

father,[6] it appears that this is an appropriate case for application of the abstention doctrine. See *Martineau v. Ghezzi*, 389 F.Supp. 187 (N.D.N.Y.1974) (three-judge court).

Finally, it appears that dismissal or abstention would be justified under an extension of the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) to all civil cases in which the state has an interest of "sufficiently great import." *Juidice v. Vail*, 430 U.S. 327, 335, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). *See also, Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). States have such an interest in the area of domestic relations.

Defendants' motions to dismiss the complaint are granted, without prejudice to Mr. Merrick's right to assert his Constitutional claims in the New York State courts.

Defendants also seek attorneys' fees on the ground that Mr. Merrick's § 1983 action is without merit and brought only for the purpose of harassment. We cannot say that this suit was brought in bad faith. *See, Hernstadt v. Hernstadt*, 373 F.2d 316 (2d Cir. 1967). The door to this Courthouse should not be closed to litigants asserting Constitutional claims, nor should they be deterred by the threat of assessment of counsel fees. Defendants' applications are therefore denied as a matter of discretion.

So Ordered.

---

**6.** *See, Stone v. Chip*, 68 Misc.2d 134, 326 N.Y. S.2d 520 (Fam.Ct., N.Y.Co.1971); *Godinez v.* *Russo*, 49 Misc.2d 66, 266 N.Y.S.2d 636 (Fam. Ct., Westchester Co., 1966).