**Morris J. PEAVEY, Jr., Plaintiff,**

v.

**POLYTECHNIC INSTITUTE OF NEW YORK, New York State Division of Human Rights, Leonard N. Flamm, and Cullen & Dykman, Defendants.**

No. CV–91–0149.

United States District Court, E.D. New York.

Oct. 17, 1991.

Ellyn J. Polishook, Cullen & Dykman, Brooklyn, N.Y., Leonard N. Flamm, Ellen J. Fried, Edward J. Curtis, Jr., Atty. General's Office, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Defendants Polytechnic Institute of New York ("Polytechnic") and Cullen & Dykman move to dismiss plaintiff's amended complaint for failure to state a claim.[1]

---

1. Upon defendants' motion to dismiss the original complaint, this case was dismissed with

The following allegations can be discerned from the amended complaint. Plaintiff is an orthodox muslim. Polytechnic is a private university against which plaintiff litigated with partial success a religious employment discrimination charge before the New York State Division of Human Rights ("DoHR"). Unsatisfied with the result of the DoHR proceeding, plaintiff sued Polytechnic in a federal lawsuit, styled *Peavey v. Polytechnic Institute of New York, et al.*, 768 F.Supp. 35 (ILG), based on the same employment actions. That case was dismissed by this court in a Memorandum and Order dated December 12, 1990 on the ground that as plaintiff had already sought, though not perfected, state appellate review of the administrative determination of his complaint, he was precluded by principles of *res judicata* from litigating the same claim in a federal proceeding. Defendant Cullen & Dykman is the law firm that represented Polytechnic in the DoHR action, the appeal that followed, and in the federal lawsuit. Defendant Leonard Flamm is an attorney who represented plaintiff during a portion of the litigation, including the period when the state appeal was pending.

The present complaint alleges that the unsatisfactory result of the DoHR proceeding and the dismissal of plaintiff's employment discrimination lawsuit in this court were fraudulently achieved by defendants acting in conspiracy with one another in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). He alleges that defendants made fraudulent and untrue statements in affidavits to the DoHR, that they delayed the state proceedings, and in particular that his attorney, Leonard Flamm, advised him to abandon his state appeal to further his federal litigation when that advice actually resulted in the forfeiture of his right to federal *de novo* review of his employment discrimination claim.

### DISCUSSION

■ In reviewing a *pro se* complaint alleging a civil rights conspiracy on a motion to dismiss, two principles which tug in opposite directions must be simultaneously applied. First, under Rule 12(b)(6), Fed. R.Civ.P., a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). This principle is "strictly applied" to actions claiming violations of civil rights. *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986); *Escalera v. New York City Housing Authority*, 425 F.2d 853, 857 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970).

■ At the same time, the Second Circuit has repeatedly held that complaints containing only "conclusory," "vague," or "general allegations" of a conspiracy to deprive a person of constitutional rights should be dismissed. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977); *Black v. United States*, 534 F.2d 524 (2d Cir.1976). This approach stems from the recognition of the ease with which such claims can be made and their ability to precipitate protracted proceedings. *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981). This principle applies with full force to claims under the civil rights laws. *Id.; Fine v. New York*, 529 F.2d 70, 73 (2d Cir.1975).

■ In order to state a cognizable claim under § 1983, a plaintiff must allege that some person acting under color of state law deprived him of rights secured by the Constitution or laws of the United States. *Katz v. Klehammer*, 902 F.2d 204, 206 (2d Cir.1990); *Washington v. James*, 782 F.2d at 1138. Cullen & Dykman, a private law firm, and Leonard Flamm, a private attorney, are clearly not state entities. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981). Polytechnic is a private educational institution. The only theory on which a finding of state action might be predicated in this

---

prejudice as to the New York State Division of Human Rights. The court dismissed as to the

other defendants as well, but granted leave file an amended complaint.

complaint is that of conspiracy with the state officials at DoHR.

■ In order to establish state involvement in a civil rights conspiracy, a plaintiff is required to allege with particularity that the public entity conspired with the private defendants to deprive plaintiff of his rights. *Weiss v. Willow Tree Civic Assoc.,* 467 F.Supp. 803, 815 (S.D.N.Y.1979). The present complaint, however, pleads no facts which implicate DoHR in an agreement or conspiracy with the other defendants. The closest it comes is a claim that while the attorneys in the case were conspiring to violate plaintiff's rights, DoHR "agreed not to stir." This facile allegation does not comport with the clarity and particularity requirements of conspiracy pleading and cannot do the service of a responsible claim of action in concert with a mutual goal. The remaining allegations implicating DoHR discuss delays in the administrative process—which, it might be added, resulted in a partial finding of discrimination and an award to plaintiff—and the outcome of the process. In these and all other ways the complaint is utterly vague and conclusory as to the nature of DoHR's participation in the alleged agreement. No state action has thus been alleged.

Section 1985(3), Title 42, United States Code provides in relevant part:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

■ A cause of action under § 1985(3) requires a plaintiff to allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or a deprivation of a right or privilege of a citizen of the United States. *Traggis v. St. Barbara's Greek Orthodox Church,* 851 F.2d 584, 586–87 (2d Cir.1988).

■ Section 1985(3) creates no substantive rights itself. Rather, it provides a remedy for violations of the rights it designates, namely, equal protection of the laws and equal privileges and immunities under the laws. *Great American Federal Sav. & Loan Assoc. v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). Despite its tracking of the language of the 14th Amendment, the Supreme Court has held that § 1985(3) does not by its own terms require state action for a violation. *Griffin v. Breckenridge,* 403 U.S. 88, 97, 91 S.Ct. 1790, 1796, 29 L.Ed.2d 338 (1971). However, the Supreme Court's decision in *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) makes clear that when the right which the conspiracy allegedly violates is a right protected only against interference from the state, a violation of the section cannot be alleged absent state action. Thus, while § 1985(3) applies to private conspiracies if the right being infringed is protected from private as well as official encroachment, it applies only to public conspiracies if the right is guarded only from state encroachment. As stated in *Hobson v. Wilson,* 737 F.2d 1, 15 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985), "[W]hen state action is involved, the whole spectrum of rights against state encroachment that the Constitution sets forth comes into play. When no state action is involved, only those constitutional rights that exist against private actors may be challenged under the section." *See also*

*Emanuel v. Barry,* 724 F.Supp. 1096, 1100 (E.D.N.Y.1989).

Plaintiff asserts that defendants have conspired on account of his race and religion to deprive him of due process and the equal protection of the laws under the 14th Amendment. It has always been held that the 14th Amendment guards these rights only from infringement by state actors. *United States v. Guest,* 383 U.S. 745, 755, 86 S.Ct. 1170, 1176, 16 L.Ed.2d 239 (1966); *United States v. Cruikshank,* 92 U.S. 542, 554–55, 23 L.Ed. 588 (1876).

■ However, plaintiff's claims can be construed not simply as violating his right to the equal protection of the laws, but to his right of access to the courts. The right of access to the courts is one of the fundamental rights protected by the Constitution, "conservative of all other rights, and l[ying] at the foundation of orderly government." *Chambers v. Baltimore & O.R. Co.,* 207 U.S. 142, 148, 28 S.Ct. 34, 35, 52 L.Ed. 143 (1907). In an analysis of the constitutional foundations of the right of access to the courts, the Fifth Circuit Court of Appeals identified three provisions in the Constitution where courts have found that right: (1) the privileges and immunities accorded citizens under article 4 and the Fourteenth Amendment, *see id.;* (2) the First Amendment, in the right to petition the government, *see California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); and (3) the due process clause of the Fourteenth Amendment, *see Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Ryland v. Shapiro,* 708 F.2d 967, 971 (5th Cir.1983). In each case, the right is derived from constitutional protections against state encroachment only. *See United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. at 831–33, 103 S.Ct. at 3357–59 (First Amendment restrains only official conduct); *United States v. Guest, supra.* Thus, the Fifth Circuit concluded that "the right of access to the courts is guaranteed and protected from unlawful interference and deprivations *by the state." Id.* at 972 (emphasis added). A purely private conspiracy to de-

prive a person of that right cannot, therefore, violate § 1985(3).

The complaint is dismissed. As leave to replead has been once granted, this dismissal is with prejudice as to all claims against all defendants. The clerk shall enter judgment accordingly.

SO ORDERED.