**Luise SRUBAR, Plaintiff,**

v.

**RUDD, ROSENBERG, MITOFSKY & HOLLENDER, Andrew Hoffman, and Onda D'Urso, Defendants.**

**No. 92 Civ. 8140 (KMW).**

United States District Court, S.D. New York.

Dec. 9, 1994.

Luise Srubar, pro se.

Mitofsky & Shapiro, New York City, for defendants.

## ORDER

KIMBA M. WOOD, District Judge.

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to state a claim under 42 U.S.C. § 1985, 42 U.S.C. § 1983, the Fourth Amendment, and the Due Process clause of the Fourteenth Amendment. Defendants also seek an order prohibiting plaintiff from filing any additional actions against defendants that are based on the allegations contained in the instant complaint. On December 9, 1994, Magistrate Judge Ellis issued a Report and Recommendation (the "Report") recommending that I dismiss plaintiff's complaint in its entirety, and that I deny the request to enjoin plaintiff from commencing further suits against defendants. On December 15, 1994, plaintiff filed timely objections to the Report. After a *de novo* review of the Report and of plaintiff's objections, I adopt Magistrate Judge Ellis' recommendation.

### Background

Plaintiff's landlord, the Armed Realty Company, instituted a holdover proceeding against plaintiff in the Housing Part of the Civil Court of New York in February of 1992 that eventually resulted in her eviction from her rent-controlled apartment. Plaintiff subsequently commenced the instant lawsuit in November of 1992 against Onda D'Urso and Andrew Hoffman, whom plaintiff describes as partners in Armed Realty, and Rudd, Rosenberg, Mitofsky & Hollender, the law firm that represents Armed Realty. She alleges that defendants conspired to initiate a fraudulent holdover proceeding in order to deprive her of her tenancy in her rent-controlled apartment, and, to this end, attempted to "intimidate" plaintiff by pre-dating the petition prior to the purchase of an index number in Civil Court, New York County. Plaintiff contends that defendants' act constituted "an obstruction of justice" that deprived plaintiff of her civil rights under 42 U.S.C. §§ 1983 and 1985, and under both the

Fourth Amendment and the Due Process clause of the Fourteenth Amendment. Complaint at 4.

Using the governing Second Circuit standard for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), Magistrate Judge Ellis reviewed each of plaintiff's claims, and determined that she had failed to state any claim that would entitle her to relief. With respect to the § 1985 claims,[1] the Magistrate Judge held that plaintiff "fails to allege that she is a member of a protected class for the purposes of the statute or to state facts which could establish the existence of invidious motivation for a conspiracy." Report at 7 (citing *Gleason v. McBride*, 869 F.2d 688 (2d Cir. 1989) and *Legal Aid Soc'y v. Association of Legal Aid Attorneys*, 554 F.Supp. 758 (S.D.N.Y.1982)); *see also Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). He thus concluded that she failed to allege facts sufficient to state a claim under either clause of § 1985. The Magistrate Judge also determined that plaintiff's failure to allege the existence of state action was fatal to both her § 1983 claim and her Due Process claim. Report at 10, 13. Finally, the Magistrate Judge recommended that the Fourth Amendment claim be dismissed because plaintiff never alleged that an improper search or seizure had occurred. *Id.* at 11.

### Discussion

Plaintiff raises several objections to the Report, although most of the objections merely restate, in conclusory fashion, allegations made in the complaint. I address what I interpret to be the substantive objections.

First plaintiff suggests that Magistrate Judge Ellis did not adhere to the requirement that *pro se* complaints are to be liberally construed in order to give effect to all possible claims. I disagree. As an initial matter, I note that the Magistrate Judge explicitly recommended that I apply a more liberal standard than would ordinarily be required because plaintiff appears *pro se.* Citing *Williams v. McCausland*, 791 F.Supp. 992, 996 (S.D.N.Y.1992), the Magistrate

Judge stated that "*[p]ro se* complaints in particular must be read closely and liberally construed to permit any valid claim." Report at 4. Furthermore, it is evident that the Magistrate Judge applied this standard in the instant case. For example, as noted *supra*, the Magistrate Judge construed plaintiff's bare § 1985 claim as raising two distinct causes of action under that statute. I find that the Magistrate Judge properly applied the liberal, *pro se* standard.

 Plaintiff also objects to the Magistrate Judge's determination that plaintiff did not allege membership in a protected class for the purposes of her § 1985 claims. She argues that her economic status—evinced by her *pro se* appearance—qualifies her as a member of a protected group. Pl.Obj. at 4. This objection must be rejected for two reasons. First, plaintiff did not make this claim in her complaint, and, therefore, Magistrate Judge Ellis properly determined that plaintiff's complaint failed to state a claim under § 1985. Second, even had plaintiff included in her complaint the claim that she is a member of a protected class by virtue of her poverty, she offers no authority supporting the position that the poor constitute a protected class for the purposes of a § 1985 claim. *See United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 837, 103 S.Ct. 3352, 3360, 77 L.Ed.2d 1049 (1983) (stating that "we find no convincing support in the legislative history for the proposition that [§ 1985(3) ] was intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status, or activities"); *see also Trautz v. Weisman*, 819 F.Supp. 282, 290–91 (S.D.N.Y.1993) (noting that "courts have held that protection under § 1985(3) extends to the 'discrete and insular' minorities who receive special protection under the equal protection clause because of inherent personal characteristics"); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 24, 93 S.Ct. 1278, 1291, 36 L.Ed.2d 16 (1973) (holding that, "at least where wealth is concerned, the Equal Protection Clause does

---

1. Plaintiff's complaint is silent as to which clause of 42 U.S.C. § 1985 she invokes. However, because plaintiff appears *pro se,* and thus her complaint is to be construed liberally, the Magistrate Judge interpreted plaintiff's complaint as stating a cause of action under both § 1985(2) and § 1985(3).

not require absolute equality or precisely equal advantages"); *cf. Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980) (observing that "this court has held repeatedly held that poverty, standing alone, is not a suspect classification").

█ Even assuming *arguendo* that I were to consider plaintiff to be a member of a protected class, I note that plaintiff has still failed to plead that the alleged conspiracy was undertaken with any class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Plaintiff has not argued that defendants conspired to evict her from her rent-controlled apartment *because* she is a member of a protected class. Because class-based animus is an essential element of the § 1985 claims plaintiff raises, these claims must be dismissed. *See Bray v. Alexandria Women's Health Clinic*, — U.S. —, — – —, 113 S.Ct. 753, 758–59, 122 L.Ed.2d 34 (1993); *Herrmann v. Moore*, 576 F.2d 453, 458 (2d Cir.1978).

█ Finally, plaintiff objects to the Magistrate Judge's determination that plaintiff's failure to show state action requires dismissal of her § 1983 claim. Although, in plaintiff's complaint, she states that defendants conspired to deprive her of her rights "with or without knowledge of the Clerk of the Court," Complaint at 3, she has amplified her claim in her objections, stating that a "state entity [acted] in concert with private actors who were engaged in a conspiracy against me." Pl.Obj. at 5. However, as the Magistrate Judge noted, § 1983 conspiracy claims must contain more than vague allegations regarding a conspiring state agent in order to survive a motion to dismiss. Report at 10 (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977)); *see also Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir.1990), *cert. denied*, 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). Because plaintiff has merely reiterated vague allegations of conspiracy, I agree with the Magistrate Judge that she has failed to state a claim under § 1983.

Although Magistrate Judge Ellis has recommended that I grant defendants' motion to dismiss plaintiff's complaint, he also recommended that I deny defendants' request for an order precluding plaintiff from filing further suits related to the events at issue in the instant litigation. The Magistrate Judge determined that "plaintiff's conduct does not rise to the level of abuse of the judicial process." Report at 13 (citing *Polur*, 912 F.2d at 57). Because I have received no objections from defendants, I adopt the Magistrate Judge's recommendation, and deny defendants the injunctive relief they seek. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (failure to file timely objections constitutes a waiver of objections).

## Conclusion

For the reasons stated above, I adopt the Magistrate Judge's Report, and dismiss plaintiff's complaint. I deny defendants' request for an order directing plaintiff to refrain from filing suit against defendants based on the events at issue in this litigation.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

ELLIS, United States Magistrate Judge.

This is a federal civil rights action alleging a conspiracy by private parties to deprive *pro se* plaintiff Luise Srubar of her interest in a rent-controlled apartment. Plaintiff invokes the Fourth Amendment, procedural due process, and 42 U.S.C. §§ 1983 and 1985 in her complaint. The case is before the court on defendants' motion for judgment on the pleadings under Rules 12(c) and 12(h)(2), Federal Rules of Civil Procedures, for failure to state a claim upon which relief can be granted, or for summary judgment under Rule 56(b) or (c). For the reasons stated below, plaintiff's complaint should be dismissed.

### *BACKGROUND*

Plaintiff Luise Srubar commenced this federal action on November 14, 1992, during the course of a holdover proceeding against her in the Housing Part of the Civil Court of the City and County of New York. She named as defendants Onda D'Urso and Andrew Hoffman, "partners" in Armed Realty Co.,

the landlord; and Rudd, Rosenberg, Mitofsky and Hollender, the law firm which represented the landlord in the proceedings against plaintiff. The landlord commenced a holdover proceeding against plaintiff on or about February 5, 1992.

Plaintiff's federal complaint, in relevant part, states:

1) That Defendants' filing in Fraud Holdover Proceeding seeking eviction of Plaintiff from her rent controlled apartment is an obstruction of justice and intimidation of Plaintiff in Court ... [and as 42 U.S.C. § 1985 is] ... aimed at conspiracies to obstruct justice ... when Defendants tamper in fraud with the summons issued by the Civil Court of the city of New York and such corresponds with obstruction of justice, and when intimidation which directly affects Plaintiff in the Court is an actual transgression of Plaintiff's Civil Rights under [42 U.S.C. § 1985 and the Fourth Amendment];

2) Defendants' fraud committed· in the name of the Civil Court ... is deprivation of Procedural Due Process, a civil right, which might ultimately lead to the loss of Srubar's tenancy in her rent-controlled apartment ... wherefore complaint ... came within the grant of jurisdiction under [42 U.S.C. § 1985];

3) Allegation of *pro se* Plaintiff ... must be considered under [42 U.S.C. § 1983 and liberally construed and] accepted as true in testing their sufficiency.

Complaint at 1–2. In her "Statement of Facts," plaintiff alleges that the defendant litigants and their lawyers were "co-conspirators." She amplifies her claims by stating that defendants "fraudulently tampered with the [summons] ... in mailing them in fraud, and delivering them by hand to the Plaintiff's address," apparently believing that the Summons was "certified" and "mailed" to her by the court on February 5, 1992. She characterizes this alleged conduct as a "scare tactic" meant "to intimidate Plaintiff in obstruction of justice." She suggests that defendants, by serving her with the summons and complaint "issued by the Civil Court of the City of New York, County of New York," perpetrated "fraud" in the name of the court. She states that the defendant lawyers engaged in this conduct for the purpose of freeing their clients of "legal harassment charges [plaintiff had] formerly filed with the H.D.C.R." (presumably the State Division of Housing and Community Renewal). Complaint at 3.

Defendants answered the complaint on December 4, 1992, and asserted as their second affirmative defense that plaintiff had failed to state a claim upon which relief could be granted. On November 10, 1993, plaintiff moved for leave to proceed *in forma pauperis.* On November 16, 1993, District Judge Kimba M. Wood referred the case to the undersigned for General Pretrial and Dispositive Motions. Defendants filed their motion for judgment on the pleadings or for summary judgment on June 14, 1994, and plaintiff submitted a cross-motion opposing dismissal and requesting trial by jury and additional relief on June 25, 1994. Plaintiff also commenced another federal action alleging violations of 18 U.S.C. §§ 1341 and 1342 (Mail Fraud Statute) on March 16, 1992, which Judge Wood dismissed on March 18, 1992 for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedures. For the reasons stated below, the plaintiff's civil rights complaint should also be dismissed.

### DISCUSSION

The gravamen of plaintiff's complaint is that defendants conspired to obstruct justice through intimidating plaintiff, and that they conspired to deprive her of her civil rights. In addition to 42 U.S.C. §§ 1983 and 1985, she invokes the Fourth Amendment and procedural due process.

### Standard for Dismissal

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of such claim(s) for relief. *Executive Photo Inc. v. Norrell,* 756 F.Supp. 798, 800 (S.D.N.Y.1991) (citing *Festa v. Local 3 International Brotherhood of Electrical Workers,* 905 F.2d 35, 37 (2d Cir.1990)). Although typically brought under Rule 12(b)(6), a defense of failure to state a claim may be brought by motion for judgment on the pleadings, or at trial on the merits. Fed.

R.Civ.P. 12(c), 12(h)(2). The same standards applied on a motion under 12(b)(6) shall be applied on a motion under Rules 12(c) and 12(h)(2). *Ad–Hoc Committee of Baruch Black and Hispanic Alumni Association v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987) (hereinafter *Ad–Hoc Committee* ).

■ The function of a motion for judgment on the pleadings is merely to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities,* 748 F.2d 774, 779 (2d Cir.1984) (citation omitted). The court may not dismiss the claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Madonna v. United States,* 878 F.2d 62, 65 (2d Cir.1989) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). This principle is strictly applied to actions claiming civil rights violations. *Peavey v. Polytechnic Institute of New York,* 775 F.Supp. 75, 77 (E.D.N.Y.1991), *aff'd.,* 969 F.2d 1042 (2d Cir. 1992) (citations omitted). The non-moving party's well-pleaded factual allegations must be deemed admitted. The pleadings must be viewed in the light most favorable to, and all reasonable inferences must be drawn in favor of, the non-moving party. *La Mirada Prods. Co., Inc. v. Wassall PLC,* 823 F.Supp. 138, 140 (S.D.N.Y.1993) (citing *Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 54 (2d Cir.1985); *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 286 (2d Cir.1974)). *Pro se* complaints in particular must be read closely and liberally construed to permit any valid claim. *Williams v. McCausland,* 791 F.Supp. 992, 996 (S.D.N.Y. 1992).

As on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must limit its analysis to the four corners of the complaint. *Kopec v. Coughlin,* 922 F.2d 152, 154–155 (2d Cir.1991). When presented with materials outside the pleadings, the court may exclude the additional materials, *Id.* at 154, or it may treat the motion as one for summary judgment. *Id.* (quoting *Fonte v.*

*Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir. 1988)); *Hotel Saint George Associates v. Morgenstern,* 819 F.Supp. 310, 317 (S.D.N.Y. 1993). Consideration of matters outside the pleadings converts the motion to one for summary judgment under Rule 56. *Ad–Hoc Committee,* 835 F.2d at 982; *Kopec,* 922 F.2d at 154–155. Judgment on the pleadings is proper only if, on the admitted facts, the moving party is clearly entitled to judgment. *La Mirada,* 823 F.Supp. at 140 (citation omitted). When a Rule 12(c) motion is converted into a Rule 56 motion, *pro se* plaintiffs in particular should be given some indication that this is how the court intends to proceed, *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983), so as to afford them "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R.Civ.P. 12(c).

Defendants have moved to dismiss the complaint under both Rules 12(h)(2), 12(c), and for summary judgment under Rule 56. Plaintiff was thereby put on notice and afforded adequate opportunity to present matter in opposition to·summary judgment, and, in fact, submitted papers opposing defendants' motion to dismiss. Defendants, however, did not submit a "separate, short, and concise statement of the material facts as to which there is no genuine issue to be tried" required by Local Rule 3(g) of the Civil Rules of the Southern District of New York. They thus failed to perfect their summary judgment motion. Consequently, matters outside the pleadings were excluded from consideration by the court in making this recommendation for a determination under Rules 12(c) and 12(h)(2).

Since plaintiff states in her complaint that she brings this action under 42 U.S.C. § 1985, and mentions 42 U.S.C. § 1983, I discuss each of these causes of action in turn. Plaintiff does not specify in her complaint which clause or clauses of 42 U.S.C. § 1985 she invokes. Two clauses in particular are relevant: the first clause of § 1985(3) and the second clause of § 1985(2). ***42 U.S.C. § 1985(3) Claim***

The first clause of 42 U.S.C. § 1985(3) proscribes conspiracies "for the purpose of

depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." The statute provides "an action for the recovery of damages" occasioned by injury to the person or his or her property or by deprivation of the rights or privileges of United States citizenship where "any act in furtherance of the object of such conspiracy" has been performed.

■ It has been well-settled since the Court's decision in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), that 42 U.S.C. § 1985(3) reaches private conspiracies. However, a plaintiff alleging a conspiracy under the first clause of Section 1985(3) must plead and ultimately prove "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 100–102, 91 S.Ct. at 1797–1798. See also *Bray v. Alexandria Women's Health Clinic*, — U.S. —, —, — - —, 113 S.Ct. 753, 758, 769–770, 122 L.Ed.2d 34 (1993) (Justice Scalia's opinion for the Court, and Justice Souter's concurrence and dissent). Further, the rights the plaintiff seeks to vindicate must be rights that are secured not only from official infringement, but also from private action. *Id.* at —, 113 S.Ct. at 758.

■ To state a claim, plaintiff must first show that she is a member of a group protected under the statute. *Gleason v. McBride*, 869 F.2d 688, 694–695 (2d Cir. 1989). Plaintiff is required to show also that the defendants conspired with each other to deprive her, or the class of which she is a member, of the equal protection of the laws, or equal privileges and immunities under the laws. *Sorlucco v. New York City Police Department*, 888 F.2d 4, 8 (2d Cir.1989). She must further allege an overt act in furtherance of the conspiracy and that she suffered some damages as a result of the defendants' actions. *Gleason*, 869 F.2d at 695; *Gray v. Darien*, 927 F.2d 69, 73 (2d Cir. 1991).

When a plaintiff fails to establish membership in a protected group, a civil rights conspiracy complaint under 42 U.S.C. § 1985 may be dismissed. *Gleason*, 869 F.2d at

694–95. In this case, plaintiff fails to allege that she is a member of a protected class for the purposes of the statute or to state facts that could establish the existence of invidious motivation for, or to plead with particularity, the existence of a conspiracy. More than vague or conclusory allegations of conspiracy and of invidious motivation are necessary to survive a motion to dismiss a claim under 42 U.S.C. § 1985(3). *Legal Aid Soc. v. Association of Legal Aid Attorneys*, 554 F.Supp. 758, 766 (S.D.N.Y.1982). Plaintiff thus fails to state claims under the first clause of 42 U.S.C. § 1985(3). Judgment for defendants should be granted on this claim.

### 42 U.S.C. § 1985(2) Claim

The second clause of 42 U.S.C. § 1985(2) proscribes conspiracies "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." The statute provides "an action for the recovery of damages" where "any act in furtherance of the object of such conspiracy" has been performed.

■ No allegations of class-based invidiously discriminatory animus are required to plead a cause of action under the first clause of Section 1985(2), which proscribes conspiracies to interfere with the administration of justice in federal courts. *Kush v. Rutledge*, 460 U.S. 719, 726, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983). See also, *Keating v. Carey*, 706 F.2d 377, 384–386 (2d Cir.1983). The second clause, however, includes a provision that there be an "intent to deny any citizen the equal protection of the laws." In contrast to the first clause, it involves state courts and requires a showing of class-based animus. *Herrmann v. Moore*, 576 F.2d 453, 457–58 (2d Cir.1978).

Although the statute reaches conspiracies by private actors, that "does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin*, 403 U.S. at 101,

91 S.Ct. at 1798. This complaint contains "some general allegations, framed in broad language ... that defendants successfully conspired to deprive plaintiff of ... rights. (citation omitted). But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy (citations omitted)." *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir.1964).

Plaintiff fails to establish membership in a protected group. She fails to plead with particularity the existence of a conspiracy, or that such conspiracy was invidiously motivated. Thus, her civil rights conspiracy complaint under 42 U.S.C. § 1985 may be dismissed. *Gleason,* 869 F.2d at 694–95. Judgment for defendants should be granted on this claim.

### 42 U.S.C. § 1983 Claim

Section 1983 provides that "[e]very person who under color of [law] subjects, or causes to be subjected, any ... person within the jurisdiction [of the United States] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity ..." Civil Rights Act of 1871, 42 U.S.C. § 1983.

■ To state a claim, plaintiff must plead a deprivation of a constitutional or legal right by a person acting under color of state law. *Scheiner v. Wallace,* 832 F.Supp. 687, 702–703 (S.D.N.Y.1993) (citations omitted). Section 1983 has been found to reach the conduct of non-governmental actors whose actions are fairly attributable to the state. *Dahlberg v. Becker,* 748 F.2d 85, 89 (2d Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). The court identified circumstances in which a private party could be considered a state actor, including where "the state and private actor jointly participate in depriving the plaintiff of ... rights." *Id.* at 92. In this case, plaintiff seeks to hold private parties, namely litigants and their lawyers, liable under a theory that they participated jointly with a state actor in depriving plaintiff of her rights.

■ Courts in this circuit have held that litigants, *Merrick v. Merrick,* 441 F.Supp. 143, 146 (S.D.N.Y.1977), and lawyers, *Dahlberg,* 748 F.2d at 93, are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court. Law firms and lawyers "are clearly not state entities" for the purposes of a Section 1983 claim. *Peavey,* 775 F.Supp. at 77 (citing *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981) (state-employed public defender's representation of criminal defendant was not under color of law)). *See also Hoai v. Vo,* 935 F.2d 308, 313–314 (D.C.Cir.1991), *cert. denied,* 503 U.S. 967, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992) (attorney acting as representative of client, where both alleged to have abused court system, found not to be state actor). The most common circumstance where litigants and lawyers are alleged to be liable under Section 1983 is where a plaintiff asserts that they conspired with a judge to deprive the plaintiff of civil rights. *Polur v. Raffe,* 912 F.2d 52, 55 (2d Cir.1990), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991); *Colombrito v. Kelly,* 764 F.2d 122, 132 (2d Cir.1985); *Dahlberg,* 748 F.2d at 91, 93. Even where a judge's judicial immunity precludes her being held liable in such a situation, an action against the attorney(s) or litigant(s) will lie. *Polur, Id.* at 56. Under this version of the "joint participation" theory, plaintiff must allege that at least one conspirator was an agent of the state, acting under color of law, to give rise to Section 1983 liability for private parties who deprived her of constitutional or legal rights. To establish state involvement in a civil rights conspiracy, plaintiff must allege with particularity that the public entity conspired with private defendants to deprive plaintiff of rights. *Peavey,* 775 F.Supp. at 78. A complaint containing only vague, conclusory and general allegations of a conspiracy to deprive plaintiff of civil rights will be dismissed. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Powell,* 327 F.2d at 137.

Plaintiff states that defendants and their lawyers conspired to deprive her of certain rights "with or without the knowledge of the Clerk of the Court." Complaint at 3. Plaintiff thus fails to plead an essential element for a civil rights conspiracy claim against private parties under 42 U.S.C. § 1983, namely a co-conspiring state agent. Judgment for defendants should therefore be granted on this claim.

### Fourth Amendment and Procedural Due Process Claims

 Plaintiff's invocation of the Fourth Amendment is inapposite. That amendment provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Plaintiff makes no allegation as to improper searches or seizures.

Plaintiff cites *Escalera v. New York City Housing Authority,* 425 F.2d 853 (2d Cir. 1970), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970), in support of her claim of deprivation of the "civil right" of procedural due process. *Escalera* involved a constitutional challenge by public housing tenants to the Housing Authority's procedures for terminating tenancies on the grounds of non-desirability or for violating the Housing Authority's rules and regulations, and to the procedures for the imposition of "additional rent" charges under the lease for undesirable acts by the tenants. *Id.* at 857. The *Escalera* plaintiffs relied on the Due Process Clause of the Fourteenth Amendment. The *Escalera* court reversed the district court's grant of judgment on the pleadings and remanded for further proceedings. It found the Housing Authority's procedures were inadequate because they failed to provide procedural protections including, among other things, (1) adequate notice of the grounds for termination before the pre-termination hearing and (2) opportunities to examine the tenant's own file and to confront or cross-examine the witnesses upon whose testimony the allegations of non-desirability or rule-breaking were based.

Plaintiff commenced suit during the course of a holdover proceeding against her. She seeks to hold private parties liable for a deprivation of procedural due process. She does not allege in her complaint that the City of New York Civil Court Housing Part's procedures are constitutionally deficient.

 To state a claim for deprivation of procedural due process plaintiff must allege that she has an interest which rises to the level of a "property interest." To have a property interest in a benefit a person must have a "legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* In *Roth*'s companion case, *Perry v. Sindermann,* 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972), the Court explained that where an individual legitimately relies on "policies and practices" which create a reasonable expectation to a benefit, a claim for due process protection may lie. Where such an interest is found, due process requires that the person being deprived of that interest be granted a hearing before consummation of that deprivation.

 Assuming *arguendo* that a tenancy in a rent-controlled apartment is a "property interest," plaintiff fails to state how a holdover proceeding in the Housing Part, which is designed, presumably, to allow plaintiff to contest the landlord's attempt to evict her, violates the requirements of procedural due process. If plaintiff's claim is that she has a statutorily created right to renew her lease indefinitely, constituting a protectible property interest that she may not be deprived of without due process, that question has been adversely decided. *Keeler v. Joy,* 489 F.Supp. 568, 575 (E.D.N.Y.1980), *aff'd.,* 641 F.2d 1044, 1050 (2d Cir.1981), *cert. denied,* 454 U.S. 893, 102 S.Ct. 390, 70

L.Ed.2d 208 (1981) (citing *Kovarsky v. H.D.A.*, 31 N.Y.2d 184, 335 N.Y.S.2d 383, 286 N.E.2d 882 (1972) (upholding Rent Stabilization Law provision allowing for non-renewal of rent-stabilized tenants' leases upon showing that statutorily required conditions for co-op conversion have been met as exception to statutory right of lease renewal)). Finally, since plaintiff's Fourteenth Amendment due process claim is against private parties—in this case the landlord and their lawyers—she fails to state a claim upon which relief can be granted. *U.S. v. Cruikshank*, 92 U.S. 542, 23 L.Ed. 588 (1876) (while the amendment prohibits a state from depriving persons of life, liberty or property without due process of law, the amendment added nothing to the rights of one citizen as against another). Judgment for defendants should be granted on this claim.

### CONCLUSION

It appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Plaintiff's civil rights complaint should be dismissed and her motion to proceed *in forma pauperis* should be denied. Defendant's motion for an order precluding plaintiff from commencing further suits based on the circumstances underlying this litigation is denied as plaintiff's conduct does not rise to the level of abuse of the judicial process. *See, e.g., Polur*, 912 F.2d at 57 (injunction precluding filing of further suits without leave of court granted where plaintiff filed frivolous and repetitious suits even after sanctions were imposed).

The parties are hereby directed that if you have any objections to this Report and Recommendation, you must, within ten (10) days from today, make them in writing, file them with the Clerk of Court and send copies to the Honorable Kimba M. Wood, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Wood. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*,

968 F.2d 298, 300 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983) (per curiam).

Dated this 9th day of December 1994.