**William K. ZIMMERMAN, Plaintiff,**

v.

**Lee W. HOARD Sheriff of Carroll County, Carroll County Commissioners, and Correctional Officer Aaron Doe, Defendants.**

**No. 4:97–CV–0066 AS.**

United States District Court,
N.D. Indiana,
Hammond Division.

March 25, 1998.

William K. Zimmerman, Carlisle, IN, pro se.

Inmates of Carroll County Jail, pro se.

James S. Stephenson, Stephenson Daly Morow and Kurnik, Indianapolis, IN, for Lee Hoard.

Michael R. Morow, Stephenson Daly Morow and Kurnik, Indianapolis, IN, for Carroll County Commissioners.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

William Zimmerman, a state prisoner confined at the Wabash Valley Correctional Facility, submitted the complaint in this case under 42 U.S.C. § 1983, dealing with events that occurred while he was confined at the Carroll County Jail. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissing some issues and defendants, and an answer has been filed. Mr. Zimmerman now requests leave of the court, pursuant to Fed.R.Civ.P. 15(a), to amend his complaint and has submitted a proposed amended complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." However, it is appropriate to deny leave to amend where the proposed amendment would be futile, and an amendment is futile if it could not withstand a motion to dismiss. *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir.1993); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir.1993). Moreover, 28 U.S.C. § 1915A requires the court to conduct an initial review of the merits of a prisoner complaint and to dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Section 1915A also requires the court to screen proposed amended complaints submitted by prisoners. Accordingly, the court will screen the proposed amended complaint, and grant the plaintiff's motion to file an amended complaint to the extent the claims presented therein are capable of surviving a dismissal motion pursuant to Fed.R.Civ.P. 12(b)(6).

A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984),

*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994); *cert. denied,* 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

Mr. Zimmerman complains of incidents that occurred while he was a pretrial detainee. His amended complaint names Carroll County Sheriff Lee Hoard, the Carroll County Commissioners, and Jailer Aaron Doe as defendants in their individual and official capacities. The amended complaint alleges that Mr. Zimmerman suffered a wide variety of problems at the jail, and that the defendants' actions and inactions violated the United States Constitution's First, Fourth, Sixth, and Fourteenth Amendments, and various state directives and recommendations by the Indiana Jail Inspections Service.

 Mr. Zimmerman seeks to sue the defendants in their individual and official capacities. A § 1983 action against an official in his official capacity is treated as a suit against the governmental entity. *Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir.1986). "An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity."

*Wilson v. Civil Town of Clayton, Indiana,* 839 F.2d 375, 382 (7th Cir.1988). Municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services,* 436 U.S. at 694, 98 S.Ct. 2018. A plaintiff may establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 734 (7th Cir.1994), by establishing that the person who committed the constitutional tort was an official with policy-making authority, *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). In order to show personal capacity liability for damages, a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman,* 803 F.2d at 273; *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983). The doctrine of *respondeat superior,* under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir.1971).

Mr. Zimmerman alleges that Sheriff Hoard and the Carroll County Commissioners are policy making officials bearing responsibility for the policies he alleges violated his federally protected rights. He alleges Sheriff Hoard's direct personal involvement in some of the claims he presents, but does not allege the Commissioners' direct personal involvement in any of these incidents. Aaron Doe, a non-policy making jail employee, is only alleged to have been involved in one claim. Accordingly, the court will dismiss the personal capacity damage claims against the Commissioners and the official capacity damage claims against defendant Doe.

 In his original complaint, Mr. Zimmerman alleged that jail officials ignored

state directives, and recommendations by the Indiana Jail Inspections Service. The court dismissed this claim because under § 1983, courts may consider only alleged deprivations of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Casines v. Murchek,* 766 F.2d 1494 (11th Cir.1985); *see also French v. Owens,* 777 F.2d 1250, 1251 (7th Cir. 1985); *cert. denied,* 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). Mr. Zimmerman devotes a large portion of his amended complaint to discussing the alleged failure of the defendants to implement the Indiana Jail Standards and Rules, which he states were drafted by a representative group of Sheriffs appointed by the Governor, and the failure of Carroll County officials to comply with recommendations from the State Jail Inspector. The court reiterates that the Constitution, not the Indiana Jail Standards and Rules or any other state source, establish the standards by which the court will review the plaintiff's complaint. Accordingly, the court dismisses any claims in the amended complaint arising from jail officials' alleged failure to comply with state directives and recommendations.

■ The amended complaint contains twelve causes of action denoted as grounds 1 through 12. Some of the factual allegations clearly deal only with other inmates, and at several points in his amended complaint, Mr. Zimmerman appears to be attempting to present claims which impacted only on other inmates. A plaintiff cannot assert a claim premised upon the legal rights and interests of another person. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir.1996). So, to the extent Mr. Zimmerman's amended complaint seeks to present claims relating to other inmates, the court must dismiss those claims. At the screening stage, however, the court will give Mr. Zimmerman the benefit of the doubt and assume that unless the complaint indicates otherwise, the conditions he complains of applied to him personally.

In his first cause of action, Mr. Zimmerman alleges that Sheriff Hoard allowed subordinates to violate his Fourteenth Amendment due process rights by arbitrarily punishing prisoners for alleged disciplinary infractions without affording a due process hearing. In his fourth cause of action, Mr. Zimmerman asserts that Jailor Aaron Doe denied him due process by arbitrarily and capriciously imposing a telephone restriction on him "for an action confessed to by other jail inmates, and without benefit of disciplinary hearing."

■ In his amended complaint, Mr. Zimmerman cites the due process procedures recommended by the Indiana Jail Standards and Rules before disciplinary sanctions can be imposed on jail inmates. This document, of course, creates no right enforceable in Federal Court. *Casines v. Murchek,* 766 F.2d at 1501 (§ 1983 protects only against violation of federally protected rights); *Bills v. Henderson,* 631 F.2d 1287 (6th Cir.1980) (due process rights created by state department of correction rules create no federally protected rights). The Fourteenth Amendment's due process clause, however, precludes punishment of pretrial detainees without due process. *Mitchell v. Dupnik,* 75 F.3d 517, 524, *citing Bell v. Wolfish,* 441 U.S. 520, 546–47 & n. 28, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Accordingly, giving the plaintiff the benefit of the inferences to which he is entitled, the court concludes that these grounds state a claim sufficient to survive dismissal at the pleadings stage.

■ In causes of action two and three of his amended complaint, Mr. Zimmerman alleges that Sheriff Hoard violated his Fourth and Fourteenth Amendment rights by ordering subordinates to "seize trial preparation materials from ... [his] ... cell in retaliation for plaintiff exercising his pretrial right to compulsory process." The Fourth Amendment has no application to cell searches, even for pretrial detainees, *Mitchell v. Dupnik,* 75 F.3d at 522, *citing Bell v. Wolfish,* 441 U.S. at 555–57, 99 S.Ct. 1861, and the court will dismiss ground 2, which asserts the Fourth Amendment claim. But, giving Mr. Zimmerman the benefit of the inferences to which he is entitled, he has stated a retaliation claim in ground three which may be capable of surviving dismissal at the pleadings stage.

In his fifth cause of action, Mr. Zimmerman asserts that Sheriff Hoard and the Carroll County Commissioners violated his First Amendment rights by "prohibiting inmates from receiving any type of publication via the United States Postal Service or any other means, from any source." Regulations governing receipt of publications by prisoners are analyzed under the reasonableness standard, and prison regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Because Mr. Zimmerman alleges a blanket ban on publications, the court will permit the First Amendment claim in Mr. Zimmerman's fifth cause of action to go forward.

In his sixth cause of action, Mr. Zimmerman asserts that the blanket prohibition of inmates' receiving incoming publications also violated his Sixth Amendment rights. In his seventh cause of action, he asserts that Sheriff Hoard and the Carroll County Commissioners violated his Sixth Amendment rights "by their failure to equip the Carroll County Jail with *any* current and adequate legal publications for 'pro se' plaintiff's use in trial preparation." (Emphasis in original). In his eighth cause of action, Mr. Zimmerman asserts that Sheriff Hoard and the Carroll County Commissioners violated his Sixth Amendment rights by establishing "a policy of removing all staples from plaintiff's legal documents prepared in anticipation of trial and pretrial research, and not related to any legitimate penological interest."

The Sixth Amendment entitles prisoners to meaningful access to the courts *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Meaningful access "can be addressed in several ways. The relevant inquiry is whether the inmate has been given a 'reasonably adequate opportunity' to present his claim" *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 162, 102 L.Ed.2d 133 (1988), *citing Bounds v. Smith*, 430 U.S. at 825, 97 S.Ct. 1491. In order for a prisoner to state a claim that denial of access to legal materials has denied him access to the courts, he must show some actual injury.

*Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180–81, 135 L.Ed.2d 606 (1996). The court construes the amended complaint as asserting that but for the denial of access to legal materials, Mr. Zimmerman would not have been convicted of the charges against him in the Carroll Circuit Court. Accordingly, the court concludes that his seventh cause of action states a claim capable of surviving dismissal at the pleadings stage.

Mr. Zimmerman's sixth cause of action apparently arises from a claim that his ability to represent himself against pending criminal charges was impaired by his inability to receive legal publications or materials through the mail in conjunction with the jail's inadequate collection of legal materials. Taking Mr. Zimmerman's claim that he was representing himself in criminal proceedings while housed at the Carroll County Jail as true, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court concludes that his sixth cause of action states a claim capable of surviving dismissal at the pleadings stage.

In the original complaint, Mr. Zimmerman alleged that Sheriff Hoard had an "arbitrary and purposeless policy" of removing staples from legal documents Mr. Zimmerman prepared for trial, which the court concluded stated no claim upon which relief can be granted. So long as jail officials allowed Mr. Zimmerman to have his legal documents without staples, they did not deprive him of access to legal materials; if they withheld documents from him because the documents contained staples, that might state a valid claim. Because the court construes Mr. Zimmerman's eighth cause of action as alleging that the jail policy allowed him to possess documents sans staples, the court dismisses that claim.

In his ninth and tenth causes of action, Mr. Zimmerman asserts that Sheriff Hoard violated his Fourth and Sixth Amendment rights by requiring him "to conduct attorney-client consultations in 'activities' room at county jail, which is equipped with a two-way intercom system speaker capable of allowing jail personnel the ability to breach the confidentiality of that consultation." Throughout the amended complaint, howev-

er, Mr. Zimmerman alleges that he was representing himself in the criminal charges that resulted in his sojourn in the Carroll County Jail as a pretrial detainee; indeed several of his claims are predicated on the inadequate legal materials available or the alleged interference of jail officials in his efforts to prepare his own defense. Moreover, in his statement of facts, Mr. Zimmerman does not state that he was personally impacted by the attorney client visiting conditions. He alleges only that "inmates confined in the Carroll County Jail awaiting trial are forced to conduct attorney-client conferences in the daily activities room which is equipped with a two-way intercom system capable of transmitting that conversation into the jail dispatch room and possibly recording it in the process." Taking the complaint as a whole, the court concludes that Mr. Zimmerman was representing himself while he was housed at the Carroll County Jail, and that a claim based on attorney-client visitation has no application to him.[1]

In his eleventh cause of action, Mr. Zimmerman asserts that Sheriff Hoard and the Carroll County Commissioners violated his Fourteenth Amendment rights by failing to provide personnel who were "properly trained to screen inmate requests for medical attention." In his twelfth cause of action, he asserts that these defendants violated his Fourteenth Amendment rights "by their consistent refusal to adequately staff the Carroll County Jail as recommended by State Jail Inspection Reports. Said understaffing contributing to the violation as stated in 'Ground 11.'"

■ Prison or jail officials' deliberate indifference to a prisoner's serious medical needs violates the prisoner's federally protected rights. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The court dismisses ground 11 because Mr. Zimmerman does not claim that he had a serious medical need which went untreated, or that he personally suffered any harm from the alleged failure of the jail to employ sufficiently trained medical screening personnel.

The court dismisses ground 12 because it is predicated on the alleged failure of the defendants to comply with state directives.

Although not mentioned in the portion of the amended complaint headed "CAUSE OF ACTION," Mr. Zimmerman mentions several factual and legal claims in the portion of the amended complaint entitled "STATEMENT OF FACTS" that were specifically dismissed from the original complaint. Those not already dealt with in this memorandum include the alleged use of excessive force by defendant Hoard on another inmate, the loss of Mr. Zimmerman's property due to the negligence of jail officials, the lack of a grievance procedure at the jail, the failure to install shower curtains leading other inmates to slip and fall on the "on the flooded cellblock floor," and suggestions that the court enter injunctive relief ordering "the defendants to adhere to Constitutional and statutory laws, state inspection recommendations, and to respect the rights and privileges retained by pretrial detainees." The court incorporates the potion of its order of December 2, 1997 dealing with these claims, and reiterates that the request for injunctive relief is moot because the plaintiff is no longer confined at the jail, that the other allegations state no claim upon which relief can be granted under § 1983, and that these claims must therefore be dismissed.

■ Mr. Zimmerman also makes allegations in the body of the complaint about heating and ventilation at the jail. The Eighth Amendment's prescription against cruel and unusual punishment applies only to persons convicted of crimes. *Bell v. Wolfish,* 441 U.S. at 535 n. 16, 99 S.Ct. 1861; *Robinson v. Moses,* 644 F.Supp. 975 (N.D.Ind. 1986). The rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Robinson v. Moses,* 644 F.Supp. at 980, but the standard under the Due Process Clause for pretrial detainees "is the same standard that applies to prisoners bringing claims under the eighth amendment." *Robinson,* 644 F.Supp. at 981, *citing Hamm v. DeKalb Co.,* 774 F.2d 1567, 1573

1. If Mr. Zimmerman was represented by counsel while he was confined at the Carroll County Jail, then his claims concerning adequacy of the facility's law library and access to legal materials would have to be dismissed. *Martin v. Tyson,* 845 F.2d at 1456.

(11th Cir.1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). The court concludes that the facts asserted do not arise to the level of Fourteenth Amendment violations under the standards of *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

Finally, Mr. Zimmerman presents a variety of damage claims, including claims "for emotional and mental distress." The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to state that "(n)o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

This section is entitled as a "limitation on recovery," and is a clear effort to limit prisoners' ability to recover for mental and emotional distress, though they may still seek other forms of damages. Mr. Zimmerman's amended complaint does not allege the sort of measurable physical injury necessary under § 1997e(e) to allow him to bring a claim for mental and emotional injury. Because he has not alleged a sufficient physical injury, he is not entitled to seek damages for mental anguish and is limited instead to other forms of damages for any constitutional violation he may be able to prove. *Wright v. Miller,* 973 F.Supp. 390, 396 (S.D.N.Y.1997).

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff's motion for leave to file an amended complaint [docket # 47];

(2) **DISMISSES** any claims for injunctive relief, all claims arising from the alleged failure of jail officials to comply with state directives and recommendations by the Indiana Jail Inspections Service, the individual capacity damage claims against the County Commissioners and official capacity claims against defendant Aaron Doe, the claims presented in grounds 2, 8, 9, 10, 11, and 12 of the amended complaint, all claims that were dismissed from the original complaint but are mentioned in the amended complaint's statement of facts, the plaintiff's heating and ventilation claims, and his claim for damages based on mental or emotional injuries from this case;

(3) **GRANTS** plaintiff Zimmerman leave to proceed on his Federal Constitutional damage claims presented in 1, 3, 4, 5, 6, and 7 of the amended complaint against defendant Hoard in his individual and official capacity, against the defendant county commissioners in their official capacity, and against defendant Aaron Doe in his individual capacity;

(4) Finds that the plaintiff has a reasonable opportunity to prevail on the merits and, pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure;

(5) **DIRECTS** the clerk to file the amended complaint, which will replace the original complaint, and to forward blank summonses and Process Receipt and Return forms for service of process on the newly added defendants. The court advises the plaintiff that any newly added defendant not served within 120 days of the filing of the amended complaint may be subject to dismissal pursuant to Fed. R.Civ.P. 4(e); and

(6) **DIRECTS** the marshals service to effect service of process on the Carroll County Commissioners and Aaron Doe on the plaintiff's behalf when the materials necessary to serve them have been submitted by the plaintiff, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on the newly added defendants along with the summons and complaint.

**IT IS SO ORDERED.**