Larry CRAIG aka Abdul Aziz, Muhammad Ahmad, Jamal Hardin, Daniel Grundy, Darryl Newman, Juan D. Mockabee, Kevin Redman, Darrell Lillard, Larry Jones, Michael Bayliff, Lawrence Fogle, Kenneth Guthrie, Richard Horton, Jeffrey Lewis, Kenny Morris, Darryl Rucker, Richard Tillery, Eldridge Wade, Joseph Lewis, and Adrian Walters, Plaintiffs,

v.

Edward COHN, Robert Ohlemiller, Doris Woodruff, Michael Pavese, Daniel McBride, Dawn MacMillian, Jane Aicher, Steven Green, and Donald Salisbury, Defendants.

No. 3:99–CV–0689 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 7, 2000.

Larry Craig, Westville, IN, plaintiff pro se.

Muhammad Ahmad, Westville, IN, plaintiff pro se.

Jamal Hardin, Westville, IN, plaintiff pro se.

Daniel Grundy, Westville, IN, plaintiff pro se.

Darryl Newman, Westville, IN, plaintiff pro se.

Juan D. Mockabee, Westville, IN, plaintiff pro se.

Kevin Redman, Westville, IN, plaintiff pro se.

Darrell Lillard, Westville, IN, plaintiff pro se.

Larry Jones, Westville, IN, plaintiff pro se.

Michael Bayliff, Westville, IN, plaintiff pro se.

Lawrence Fogle, Westville, IN, plaintiff pro se.

Kenneth Gunthrie, Westville, IN, plaintiff pro se.

Richard Horton, Westville, IN, plaintiff pro se.

Jeffery Lewis, Westville, IN, plaintiff pro se.

Kenny Morris, Westville, IN, plaintiff pro se.

Darryl Rucker, Westville, IN, plaintiff pro se.

Richard Tillery, Westville, IN, plaintiff pro se.

Eldridge Wade, Westville, IN, plaintiff pro se.

Joseph Lewis, Westville, IN, plaintiff pro se.

Adrian Walters, Westville, IN, plaintiff pro se.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The plaintiffs, prisoners confined at the Indiana Department of Correction's Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, and were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994); *cert. denied,* 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

■ The plaintiffs seek to have this case certified as a class action. A class action can be maintained, however, only if the class representative "will fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). "Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action," *Caputo v. Fauver,* 800 F.Supp. 168, 170 (D.N.J.1992) (citations omitted), and the court agrees in this case.

■ The plaintiffs bring this action primarily under 42 U.S.C. § 1983,[1] which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements: he must allege violation of rights secured by the Constitution and laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572, (1980); *accord, Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433, (1979). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Juriss v. McGowan,* 957 F.2d 345, 349 n. 1 (7th Cir.1992); *Baker v. McCollan,* 443 U.S. at 140, 99 S.Ct. 2689.

The complaint alleges that the defendants recently established or implemented policies that violate the United States Constitution's First Amendment, Fourteenth Amendment, and the due process clauses of the Fifth Amendment. The defendants seek both damages and injunctive relief. Any request by the plaintiffs for damages from the defendants in their official capacities, runs afoul of the Eleventh Amendment. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

---

1. In the body of their complaint, the plaintiffs also mention guarantees provided by Indiana's Constitution. But in § 1983 cases, courts may consider only alleged deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Casines v. Murchek,* 766 F.2d 1494, *rehearing denied* 773 F.2d 1239 (11th Cir. 1985); *See also French v. Owens,* 777 F.2d 1250, 1251 (7th Cir.1985). Moreover, the Eleventh Amendment bars any request for injunctive relief based on provisions of Indiana's constitution, *Kashani v. Purdue University,* 813 F.2d 843, 845 (7th Cir.), *cert. denied,* 484 U.S. 846, 108 S.Ct. 141, 98 L.Ed.2d 97 (1987); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

In the body of their complaint, the plaintiffs suggest that the defendants' actions caused much "mental and emotional stress among the adherents of the Sunni Muslim community at Westville." The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to state that "(n)o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The plaintiffs allege no physical injury, and § 1997e(e) limits a prisoner's ability to recover for mental and emotional distress, though he may still seek injunctive relief or other forms of damages for any constitutional violation he may be able to prove. *Robinson v. Page,* 170 F.3d 747 (7th Cir.1999); *see also Zimmerman v. Hoard,* 5 F.Supp.2d 633, 639 (N.D.Ind.1998).

"Fed.R.Civ.P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998), *quoting Hishon v. King & Spalding,* 467 U.S. at 73, 104 S.Ct. 2229; see also *Foust v. Indiana,* 175 F.3d 1019 (7th Cir.1999) (dismissal of case at pleadings stage reversed in part, based on notice pleading standards and broad reading of pro se complaints). Giving the plaintiffs the benefit of the inferences to which they are entitled at the pleadings stage, their First and Fourteenth Amendment allegations state claims capable of surviving screening pursuant to § 1915A. The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials. *Huffaker v. Bucks County District Attorney's Office,* 758 F.Supp. 287, 290 (E.D.Pa. 1991).

In addition to their § 1983 claim, the plaintiffs also assert claims under §§ 1985(2) 1985(3), 1986, and 1998. Section 1985(2) deals with intimidating a party, witness, or juror, and has no application to the plaintiffs' claims. Section 1985(3), deals with class or racially motivated conspiracies to interfere with civil rights. To state a § 1985(3) claim, the plaintiff must "allege that he was the victim of a conspiracy against him based on some 'class based animus.'" *Malsh v. Austin,* 901 F.Supp. 757 (S.D.N.Y.1995). "A cause of action under § 1985(3) requires a plaintiff to allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or equal privileges and immunities under the law; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or a deprivation of a right or privilege of a citizen of the United States." *Traggis v. St. Barbara's Greek Orthodox Church,* 851 F.2d 584, 586–87 (2d Cir.1988). Section 1985(3) "does not by its own terms require state action for a violation," *Peavey v. Polytechnic Institute of New York,* 775 F.Supp. 75, 79 (1991), *citing Griffin v. Breckenridge,* 403 U.S. 88, 97, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), but "when the right which the conspiracy allegedly violates is a right protected only against interference from the state, a violation of the section cannot be alleged absent state action." *Peavey v. Polytechnic Institute of New York,* 775 F.Supp. 75 at 79, *citing United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Giving the plaintiffs the benefit of the inferences to which they are entitled at the screening stage, the court will allow their § 1985(3) claim to go forward.

The plaintiffs also bring a claim pursuant to 42 U.S.C. § 1986, which provides that "every person having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be

committed, shall be liable to the party injured ... for all damages caused by such wrongful act ..." A cause of action under section 1986 "is premised on a violation of section 1985." *Rhodes v. Mabus,* 676 F.Supp. 755, 760 (S.D.Miss.1987). Section 1986 allows a suit to be brought against persons who are not members of the conspiracy but who are aware of it. *See Hampton v. City of Chicago,* 484 F.2d 602, 610 (7th Cir.1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1414, 39 L.Ed.2d 471 (1974) (attempted suit against Mayor and Police Superintendent on theory that they knew of a conspiracy by their subordinates against the plaintiffs). If all defendants are alleged to be members of the conspiracy, then there would appear to be no valid § 1986 claim. Because the complaint alleges that the defendants all conspired against them and were all "individually and collectively involved" in denying the plaintiffs' rights, the court will dismiss the § 1986 claim.

██ Section 1988, is designed to award attorney fees in cases brought to prevailing plaintiffs in actions brought to enforce provisions of Sections 1981, 1982, 1983, 1985, or 1986 of title 1983. It is well established, however, that *pro se* litigants are not entitled to attorney fees. *Smith v. DeBartoli,* 769 F.2d 451 (7th Cir.), *cert. denied,* 475 U.S. 1067, 106 S.Ct. 1380, 89 L.Ed.2d 606 (1986).

For the foregoing reasons, the court:

(1) **DENIES** the plaintiffs' motion to have this case certified as a class action [docket # 28], and **DENIES** them leave to proceed on their claims that the defendants' actions violated the Fifth Amendment's due process clause, any claims based on Indiana's Constitution, any official capacity damage claims, any damages for mental or emotional distress, and on the claims based on 42 U.S.C. § 1985(2), 42 U.S.C. § 1986, and 42 U.S.C. § 1988, and **DISMISSES** those claims from this case;

(2) **GRANTS** the plaintiffs leave to proceed against the defendants in their personal capacities for damages and in their official capacities for declaratory and injunctive relief on their claims under 42 U.S.C. § 1983 that the defendants established or implemented policies that violate provisions of the United States Constitution's First and Fourteenth Amendments, and on their claims under 42 U.S.C. § 1985(3);

(3) Finds that the plaintiffs have a reasonable opportunity to prevail on the merits and, pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order, the plaintiffs' motion for preliminary injunction, and the order affording the defendants until February 25, 2000, within which to respond to the preliminary injunction motion are served on the defendants along with the summons and complaint.

**IT IS SO ORDERED.**