17-3505
Johnson v. Nextel

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand and nineteen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

MICHAEL S. JOHNSON, individually and on behalf of the class, PATRICIA LONG CORREA, individually and on behalf of the class, DONNA DYMKOWSKI, individually and on behalf of the class, ANTONIO SAMUEL, individually and on behalf of the class, ANGELETTE WATERS, individually and on behalf of the class,

17-3505-cv

> *Plaintiffs-Appellants,*

v.

NEXTEL COMMUNICATIONS, INC.,

> *Defendant—Cross-Claimant—*
> *Cross-Defendant—Appellee,*

LEEDS, MORELLI & BROWN, P.C., LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, JAMES VAGNINI, FREDERIC DAVID

OSTROVE, BRYAN MAZOLLA, John Doe, 1-10 a fictitious designation for presently unknown Defendants, SUSAN FITZGERALD, Jane Doe, 1-10 a fictitious designation for presently unknown Defendants,

*Defendants—Cross-Claimants—Cross Defendants.*\*

---

*For Plaintiffs-Appellants*:        KENNETH S. THYNE, ROPER & THYNE, LLC, Totowa, NJ.

*For Defendant-Appellee*:        LAWRENCE R. SANDAK, Joseph C. O'Keefe, PROSKAUER ROSE LLP, Newark, NJ.

Appeal from a judgment entered September 29, 2017, in the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellants appeal the district court's denial of leave to file a second amended complaint ("SAC"), and dismissal of their claims against Nextel Communications, Inc. ("Nextel"). In the proposed SAC, Plaintiffs sought to assert federal RICO and RICO conspiracy claims and to reassert a New Jersey racketeering claim on behalf of a proposed global class. The SAC also included two new plaintiff subclasses: Subclass A, consisting of New Jersey and Georgia residents asserting claims against Nextel for tortious interference and conspiracy to breach fiduciary

---

\* The Clerk of Court is directed to amend the caption to conform to the above.

2

duty and aiding and abetting breach of fiduciary duty under New Jersey and Georgia law; and Subclass B, consisting of African-American class members asserting claims for conspiracy to deprive them of their civil rights in violation of 42 U.S.C. § 1985(3). The named plaintiffs—all New Jersey residents—sought to bring these claims (apart from the Georgia causes of action) in their own names as well.

The district court denied Plaintiffs' motion for leave to file the SAC on the ground that doing so would be futile since the proposed amendments would not overcome the barriers to class certification we earlier identified in *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128 (2d Cir. 2015) ("*Nextel II*").[1] *Johnson v. Nextel Commc'ns Inc.*, 2017 WL 4326052 (S.D.N.Y. Sept. 19, 2017). The district court also held that the SAC's newly asserted claims under RICO and § 1985(3) were time-barred, and in the alternative, that those claims failed as a matter of law. Finally, the district court also dismissed all of the named plaintiffs' individual claims and ordered the case closed. This is their appeal of that denial and dismissal. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments presented on appeal, which we reference only to explain our decision.

I.    New Jersey Tort Claims

The named plaintiffs are Michael Johnson, Patricia Long-Correa, Donna Dymkowski, Antonio Samuel, and Angelette Waters, all of whom, according to the

---

[1] In this case's first appeal, we held that New Jersey choice-of-law rules apply to plaintiffs' claims. *Johnson v. Nextel Commc'ns Inc.*, 660 F.3d 131 (2d Cir. 2011) ("*Nextel I*"). We also vacated the district court's dismissal of the case under Rule 12(b)(6), holding that the complaint adequately pleaded breach of fiduciary duty, breach of contract, and malpractice against the law firm Leeds, Morelli & Brown ("LMB"). We further vacated the district court's dismissal of the claims brought against Nextel in light of our determination that Plaintiffs plausibly stated multiple claims against LMB.

SAC, are New Jersey residents.[2] Their individual New Jersey tort claims are subject to a six-year statute of limitations. *See* N.J.S.A. 2A:14-1 ("Every action at law . . . for any tortious injury to real or personal property, . . . , for any tortious injury to the rights of another . . . or for recovery upon a contractual claim or liability, express or implied, . . . shall be commenced within 6 years next after the cause of any such action shall have accrued.") The parties disagree as to when the limitations period for these claims began to run and whether it has since expired. Plaintiffs assert that "the first notice that [they] had of their claims" was "September 2003 when a class notice was sent out in the Colorado action." Appellants' Br. 29. Because they filed their complaint in state court on September 27, 2006, by Plaintiffs' calculation their claims were asserted comfortably within the statute of limitations.[3]

But the record reveals that Johnson and Samuel, two of the named plaintiffs, knew of the facts underlying the original complaint well before 2003. In particular, the record contains a letter that they sent to Johnnie Cochran's law firm some time in the year 2000, setting out many of the relevant facts: that Leeds, Morelli & Brown ("LMB") was representing Nextel and Nextel's employees simultaneously; and that LMB agreed to continue representing Nextel upon the conclusion of the racial discrimination lawsuit. It further complained that they were being corralled into

---

[2] The complaint's caption also lists "Vincent Hall" as a named plaintiff. However, Hall is not referenced elsewhere in the complaint and he withdrew as a named plaintiff on November 16, 2012.

[3] In *Nextel II*, we stated that Plaintiffs filed their lawsuit on October 23, 2006. Further review of the record makes clear that Plaintiffs filed their first amended complaint on October 23 and their *original* complaint on September 27, 2006.

mediation, where they were offered settlement sums of $1,500 to $5,000, which they found wholly inadequate.

While undated, the letter tends to establish that the statute of limitations has run as to Johnson and Samuel. It is apparent that they wrote it some time before September 28, 2000, because Attorney Cochran responded to them by letter dated September 28. In his response, he declined to represent them, but urged them to be attentive to the applicable statutes of limitations. The district court noted that Johnson and Samuel "do not dispute that they were aware of their stated concerns regarding the adequacy of the legal representation or that they wrote to the Cochran law firm more than six years from when they filed suit." *Nextel*, 2017 WL 4326052, at *6 n.7. Plaintiffs do not appear to challenge that characterization of the record on appeal. Johnson's and Samuel's individual claims are thus time-barred.

As for Dymkowski, Long-Correa, and Waters, it is unclear when they first learned sufficient facts that gave rise to their potential claims against defendants. The district court found that those of the named plaintiffs who did *not* sign the Cochran letter would have been on inquiry notice of their claims by September 2000, when Johnson and Samuel wrote their letter to Cochran. The record suggests that these three Plaintiffs did not know of any agreement between LMB and Nextel, however, until October 2000, when they signed their Individual Agreements with LMB. Those informed them of LMB's conflict of interest. And at least one of the three did not retain LMB until some time in October 2000. On the record before us, we are unable to conclude that Dymkowski's, Long-Correa's, and Waters's New Jersey tort-

5

law claims are time-barred.  For that reason, we vacate the district court's judgment dismissing those three claims and remand them to the district court for further consideration.  In doing so, we leave it to the district court to determine definitively when Dymkowski, Long-Correa, and Waters were on notice of their claims against Nextel.  We express no view here with respect to these determinations.

## II.     Other Class-Wide Claims

We hold next, for substantially the reasons provided by the district court, that giving Plaintiffs leave to assert their federal and New Jersey RICO claims would be futile.  Plaintiffs' class-wide RICO claims fail on the merits because they have not pled the alleged fraudulent scheme with any particularity and they have failed adequately to plead a RICO enterprise.  *See United States v. Turkette*, 452 U.S. 576, 583 (1981) (holding that a RICO enterprise must exist "separate and apart" from the pattern of racketeering activity); *State v. Ball*, 141 N.J. 142, 161-62 (1995) (holding that under New Jersey RICO statute, an "enterprise" is a separate element from the "pattern of racketeering activity").  Since Plaintiffs' substantive RICO claim is deficient, Plaintiffs' RICO conspiracy claim also fails.  *See Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996), *vacated on other grounds*, 525 U.S. 128 (1998).

The proposed claims of the putative Subclasses similarly fail.  To certify putative Subclass A, consisting of both New Jersey and Georgia residents, the district court would have to find that the conflict of interest afflicting LMB is non-waivable under both New Jersey and Georgia law, and that the statute of limitations had not

6

run on these state law claims by September 2006, when the original complaint was filed. But the four-year statute of limitations on the Georgia claims had already run by the time Plaintiffs filed their complaint: as the district court found, the named plaintiffs were on notice of their claims at latest by April 2002, when the Colorado state action was filed. Thus, the putative Georgia plaintiffs comprising a portion of Subclass A do not have viable claims.[4] Similarly, the proposed Subclass B, which would consist of African-American Nextel employees, is predicated on Plaintiffs' proposed claim under 42 U.S.C. § 1985(3) for alleged deprivation of rights to a jury trial, to effective counsel, and to access to the courts. Those rights, however, are protected only against infringement by state action, which Plaintiffs have not alleged. *See Peavey v. Polytechnic Inst. of N.Y.*, 775 F. Supp. 75, 78 (E.D.N.Y. 1991), *aff'd*, 969 F.2d 1042 (2d Cir. 1992); *see also United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983) (noting that where a constitutional amendment "restrains only official conduct, to make out [a] § 1985(3) case" a plaintiff must allege that "the state was somehow involved in or affected by the conspiracy"). That claim is therefore not viable, as the district court correctly concluded. And, in any event, the § 1985(3) claims are time-barred, since the statute

---

[4] Even if Plaintiffs had pled a subclass of only New Jersey plaintiffs, it is far from clear that such a class could be certified. Under New Jersey law, conflict waivers are permitted where the client has informed consent and the lawyer reasonably believes that he or she will be able to provide competent and diligent representation to each affected client. *See* N.J. R. Prof'l Conduct R. 1.7 (1999). New Jersey's only bright-line prohibition on conflict waivers has been drawn in the context of complex commercial real estate transactions, which is inapplicable here. *See Baldasarre v. Butler*, 132 N.J. 278, 296 (N.J. 1993).

7

of limitations for such claims is two years in New Jersey.[5]  Accordingly, neither Subclass A nor B is certifiable.

Plaintiffs contend finally that the district court erred by denying their request for an order permitting them to provide class-wide notice that the action is dismissed and tolling the limitations period while class members decide whether to bring individual claims.  To the extent that Plaintiffs have sufficiently raised this argument on appeal, it fails.  No class exists such that class-wide notice of dismissal of the case is warranted.  As for tolling, there is no reason for the limitations period to be tolled following dismissal.  None of the proposed class members had any reasonable belief following our issuance of *Nextel II* to think that a class action would advance their claims,  because in *Nextel II* we vacated the district court's class certification order and held that a class action was not the superior method for resolving this case.  Accordingly, we conclude that the limitations period may not be tolled for any period following the district court's denial of Plaintiffs' motion for leave to file a SAC.

The judgment is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Even if we were to apply the three-year statute of limitations of New York, as the forum state, Plaintiffs' § 1985(3) claims would still be time-barred. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001).